UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARCUS JEROME NELSON, JR.,

    Plaintiff,

v.                                      Case No. 8:09-cv-1526-T-30TGW

DR. TIM BAILEY, et al.,

    Defendants.
                                          /

**O R D E R**

This matter comes before the Court upon review of the file. On August 7, 2009, Plaintiff filed a civil rights complaint *pro se* pursuant to 42 U.S.C. § 1983 (Dkt. 1), and a motion for leave to proceed in this action *in forma pauperis* (Dkt. 2). Although Plaintiff's complaint is difficult to read, it is apparent that Plaintiff alleges in the complaint that while he was incarcerated at Pinellas County Jail in 2002, Defendants did not provide him with medical treatment or medication while he awaited testing to determine if he had A.I.D.S. For relief, Plaintiff seeks an A.I.D.S. test and damages.

**Analysis**

Because Plaintiff seeks to proceed *in forma pauperis* (See Dkt. 2), this Court is required to review his case to determine whether his allegation of poverty is untrue, *see* 28 U.S.C. § 1915(e)(2)(A), or whether the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is

immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

A complaint is frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint filed *in forma pauperis* which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. *See id.* at 328. Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," *id.* at 327, or when the claims rely on factual allegations which are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

Usually, the statute of limitations is an affirmative defense. In an action proceeding under section 1983, however, the Court may consider, *sua sponte*, affirmative defenses that are apparent from the face of the complaint. *Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n. 2 (11th Cir. 1990).

A § 1983 action accrues when the plaintiff "becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Helton v. Clements*, 832 F.2d 332, 335 (5th Cir.1987). "Because section 1983 does not contain a statute of limitations, reference must be made to the limitation periods prescribed by the state in which the litigation arose." *Majette v. O'Connor*, 811 F.2d 1416, 1419 (11th Cir.1987). "[T]he most appropriate statute of limitations for all section 1983 actions is the personal injury statute of limitations of the state whose law is to be applied." *Id.* Because the Florida statute of limitations for personal injury cases is four years, the applicable statute of limitations in this case is also four years. § 95.11, Fla. Stat.

In this case, Plaintiff complains of alleged violations that occurred in 2002. Plaintiff's complaint, however, was not filed until August 7, 2009, more than four years after the dates of the alleged violations. Consequently, it is clear that all of Plaintiff's claims are barred by the four-year statute of limitations. Therefore, it is apparent from the face of the complaint that it is barred by the statute of limitations. Thus, the complaint is subject to dismissal as frivolous.

ACCORDINGLY, the Court **ORDERS** that:

1. This case is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because it is frivolous.

2. The **Clerk** shall terminate all pending motions and close this case.

**DONE** and **ORDERED** in Tampa, Florida on August 11, 2009.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Plaintiff *pro se*